**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MICHAEL F. FEDERICO DPM,<br><br>                Plaintiff,<br>vs.<br><br>UNITED STATES DEPARTMENT OF VETERAN'S AFFAIRS; *et.al.*,<br><br>                Defendants. | Case No. 2:15–cv–2253–APG–VCF<br><br>**ORDER**<br><br>MOTION TO STAY DISCOVERY (ECF NO. 8) |

       This matter involves Plaintiff Michael F. Federico's civil action the United States Department of Veteran's Affairs and other defendants. Before the court are the Government's motion to stay discovery (ECF No. 8), Federico's response (ECF No. 12), and the Government's reply (ECF No. 13). For the reasons stated below, the Government's motion to stay is granted.

**I. Discussion**

       When a court decides whether discovery should be stayed, it will apply a two-part test. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). "First, the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought." *Id.* "Second the court must determine whether the pending potentially dispositive motion can be decided without additional discovery." *Id.* The court "must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Id.* If the moving party satisfies both prongs of the test, the court may stay discovery. *Id.*

/// /// ///

/// /// ///

/// /// ///

1

1. <u>The Court will stay discovery</u>

The Government has satisfied both prongs of the *Tradebay* test, and the court will stay discovery. First, the Government's motion to dismiss may be case dispositive. The motion raises jurisdictional challenges that, if successful, will dispose of all of Federico's claims.

Second, after taking a preliminary peek at the motion to dismiss, the court finds that the motion can be decided without additional discovery. Federico alleges a breach of contract claim and a negligence claim against the Department of Veteran's Affairs. (ECF No. 1) The Government's motion to dismiss argues that: (1) the Department of Veteran's Affairs is an improper defendant; (2) this action should have been filed in the Court of Federal Claims; and (3) Federico did not exhaust his administrative remedies. (ECF No. 5) The Government also argues, in the alternative, that Federico's negligence claim fails to allege a claim for which relief may he granted as Nevada tort law does not allow him to recover solely for economic damages. (*Id.*)

In general, when a motion to dismiss asserts lack of jurisdiction, a stay of discovery is warranted. *Ministerio Roca Solida v. U.S. Dept. of Fish and Wildlife*, 288 F.R.D. 500, 505 (D. Nev. 2013); *see also Long v. Aurora Bank, FSB*, Case No. 2:12-cv-721-GMN-CWH, 2012 WL 2076842 at* 1 (D. Nev. June 8, 2012). In *Ministerio Roca Solida*, the plaintiff alleged that the Department of Fish and Wildlife violated its constitutional rights. 288 F.R.D. at 505. The department moved to dismiss on the grounds that the court lacked jurisdiction and that the department was immune from suit. *Id.* The court concluded that the motion to dismiss could be decided without additional discovery, and the court stayed discovery. *Id.* The court's decision was due in part to the plaintiff's position that it did not need any discovery to oppose the motion to dismiss. *Id.*

Like in the plaintiff in *Ministerio Roca Solida*, Federico does not argue he needs additional discovery to oppose the Government's motion. Instead, he "is confident that all of his claims will

2

survive Defendants' motion to dismiss." (ECF No. 12)  Based in part on Federico's assertion, the court finds that the motion to dismiss can be decided without additional discovery.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Government's motion to stay discovery (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that all discovery will be stayed until the court resolves the Government's motion to dismiss (ECF No. 5).

IT IS SO ORDERED.

DATED this 11th day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE