UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL F. FEDERICO DPM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATED DEPARTMENT OF VETERANS' AFFAIRS, DOES 1-10 and ROE CORPORATIONS 1-X, inclusive,<br><br>　　　　Defendants. | Case No. 2:15-cv-02253-APG-VCF<br><br>**ORDER**<br><br>(ECF No. 5) |

Plaintiff Michael Federico filed this lawsuit under the Federal Tort Claims Act ("FTCA") asserting two causes of action: breach of a written settlement agreement and negligence. The FTCA does not apply to actions for interference with contract rights. 28 U.S.C. § 2680(h). Rather, claims for breach of contract are governed by the Tucker Act, 28 U.S.C. § 1491(a)(1). The Court of Federal Claims has exclusive jurisdiction over contract claims seeking in excess of $10,000. *Id.*; 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Thus, Federico's contract claim must be dismissed because this court has no jurisdiction over it.

Similarly, this court lacks subject matter jurisdiction over Federico's negligence claim because he has not exhausted his administrative remedies. Federico filed an administrative claim for compensation in connection with a prior settlement agreement. (ECF No. 6 at 2-3.) However, the administrative claim made no reference to a negligence cause of action. An administrative claim must state a general description of the nature of the injury sufficient to enable the agency to begin an investigation and a sum certain amount of damages. *Warren v. United States Dept. of Interior*, 724 F.2d 776 (9th Cir. 1984); *Goodman v. United States*, 298 F.3d 1048 (9th Cir. 2002). Because Federico's administrative claim focused on the alleged breach of the settlement agreement, the agency was not put on notice of his negligence claim. Nor did Federico's claim

demand a sum certain. ECF No. 6-4, 6-5. Because Federico did not exhaust his administrative remedies regarding his negligence claim, this court lacks jurisdiction to consider it.

Federico contends his administrative claim sufficiently put the agency on notice because it contained a description of his injury. But Federico cannot have it both ways. To the extent he notified the agency of his claim for breach of the settlement agreement, that claim is exhausted but barred in this court by the Tucker Act. To the extent he contends his injury is the result of negligent acts, that claim was not sufficiently presented to the agency and thus is unexhausted. Thus, this court does not have jurisdiction over Federico's complaint.[1]

IT IS ORDERED that the United States' motion **(ECF No. 5) is GRANTED** and this case is DISMISSED WITHOUT PREJUDICE.

DATED this 6th day of June, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Based on this conclusion, I need not reach the United States' argument that Federico's negligence claim is also barred by the "economic loss rule."